IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-248-FL

XAVIER EARQUHART,                    )
                                     )
           Plaintiff,                )
                                     )
      v.                             )                    ORDER
                                     )
MOLLY WITLATCH; JOSEH KALO,          )
IV; DAVID BARBER; TRACI D.           )
FIDLER; GLENDA TEER; PAM             )
THOMAS; and BECKY WILLIAMS,          )
                                     )
           Defendants.               )

This matter comes before the court on defendants' motions to dismiss all claims against them

for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted,

under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (DE 16, 20, 33).[1] Also before the

court is a motion for prefiling injunction. (DE 23). Pursuant to 28 U.S.C. § 636(b)(1), United States

Magistrate Judge James E. Gates, entered a memorandum and recommendation ("M&R"), wherein

it is recommended defendants' motions to dismiss be granted, and prefiling injunction be denied.

No objections to the M&R have been filed, and the time to make objections has passed. In this

posture, the issues raised are ripe for ruling. For the reasons explained more fully below, the court

adopts the M&R, grants defendants' motions to dismiss, and denies the motion for prefiling

injunction.

_____

[1]Defendants Barber, Thomas, and Williams also move to dismiss pursuant to Federal Rules of Civil Procedure
12(b)(2) and 12(b)(5) for lack of personal jurisdiction and insufficient service of process.

## BACKGROUND

On April 25, 2014, plaintiff filed complaint pursuant to 18 U.S.C. § 1962, 42 U.S.C. §§ 1983 and 1985, as well as various federal and state criminal statutes. Plaintiff alleges defendants engaged in a criminal enterprise with the intent to force plaintiff to surrender property or money against his will, and that defendants conspired to deprive plaintiff of such property or money. Plaintiff's complaint also notes the pendency of a civil proceeding related to the instant matter in Alamance County, North Carolina, Superior Court, commenced by defendants Teer and Fidler, by and through their attorneys, defendants Whitlatch and Kalo. (See DE 1-7 (Fidler v. Inrich, 14 CVS 446 (Verified Complaint and Motion for Temporary Restraining Order and Preliminary Injunction, dated Mar. 12, 2014)).

On August 4, 2014, the court referred this matter for M&R. On January 28, 2015, M&R was entered and recommended granting all defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Specifically, the M&R recommends the court dismiss plaintiff's claims as barred by a combination of the Rooker-Feldman doctrine and Younger abstention.

## COURT'S DISCUSSION

Upon careful review of the M&R and record, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any

explanation for adopting the M&R.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315

(4th Cir.  2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

The court, after carefully reviewing the M&R and record, finds the analysis in the M&R to

be thorough and cogent, and adopts it in full.

With regard to defendants' motions to dismiss for lack of jurisdiction, plaintiff seeks

invalidation of a judicial determination made by the Alamance County Clerk of Court.  In particular,

plaintiff contests the court's action of not stamping and filing a writ of possession, in connection

with an ongoing foreclosure proceeding.  Rooker-Feldman bars plaintiff's further prosecution of this

matter, as he seeks redress for injury caused by a state court decision.  See Davani v. Va. Dep't of

Transp., 434 F.3d 712, 713 (4th Cir. 2006).  Moreover, Younger abstention requires this court

refrain from interference with pending state court civil proceedings.  Huffman v. Purse, Ltd., 420

U.S. 592, 604 (1975).  Here, there is an ongoing judicial proceeding concerning the validity of the

underlying foreclosure, wherein plaintiff may vindicate, in substance, all the claim's dismissed here.

In addition, plaintiff's complaint must be dismissed as he has failed to "plead sufficient facts

to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere

possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256

(4th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).  Specifically, plaintiff's

complaint fails, because it relies on legal citations and terms of art, rather than facts.

With regard to the motion for prefiling injunction, the same is not warranted on the facts

presented here. Imposition of a prefiling injunction is a drastic remedy and is to be approached with

caution. Cromer v. Kraft Foods N. Am., 390 F.3d 812, 817 (4th Cir.  2004).  In determining whether

to grant prefiling injunction, relevant considerations include the party's history of litigation and the

extent of the burden on the courts and other parties resulting from the challenged party's filings. Id. at 818. Here, no injunction is warranted where plaintiff has commenced only two actions against the defendants, related to the same set of facts, and has not filed voluminous, irrelevant, or harassing materials.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R in full, GRANTS defendants' motions to dismiss, pursuant to Federal Rule of Civil Procedure 26(b)(1), for lack of subject matter jurisdiction. (DE 16, 20, 33). Motion for prefiling injunction is DENIED. (DE 23). The clerk is DIRECTED to close this case.

SO ORDERED, this the 4th day of March, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge